IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEROME BOLTON and LILVENDER BOLTON, Surviving Parents of Rashad Bolton, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>WARDEN ANNETTIA TOBY, DEPUTY WARDEN GEORGE IVEY, LT. ADRIAN WILLIAMSON, MELONTAE HAVIOR, TAMEKA JONES, JOSHUA ANDREWS, and TIMOTHY RAY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action File No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Lilvender Bolton and Gerome Bolton and hereby file this Complaint against Defendants as follows:

## INTRODUCTION

1.

Plaintiffs' son, Rashad Bolton, was murdered while in the custody of the Georgia Department of Corrections at Hancock State Prison, where he was stabbed to death in his cell by an cellmate who was supposed to be separately housed in the

1

Special Management Unit but was instead placed in Rashad's cell without being searched for weapons, and despite the fact that Rashad was supposed to be in protective custody due to the fact that he was repeatedly beaten by gang members who were using Cash App to extort money from his parents through contraband cell phones with the assistance of persons outside the prison. Defendants failed to keep him in protective custody despite having actual knowledge of the threats against his life and the fact that money was being extorted. This Complaint seeks to hold individual employees of the Department of Corrections liable for their deliberate indifference to the federal constitutional rights of Plaintiffs' son.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Eighth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, §1343 and the forementioned constitutional and statutory provisions.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Hancock County within the boundaries of the Macon Division of the Middle District of Georgia, and on the

further grounds that one or more parties are domiciled within said District and Division.

4.

All parties herein are subject to the jurisdiction of this Court.

## PARTIES

5.

Plaintiffs Gerome and Lilvender Bolton are citizens and residents of the United States and the State of Georgia, as was their deceased son, Rashad Bolton. As surviving parents of an adult who was unmarried and had no children, they bring this action for federal constitutional violations resulting in the wrongful death of their son against the above individual Defendants.

6.

At all times relevant herein, Defendant Annettia Toby was the warden of Hancock State Prison, responsible for the day-to-day operations of the prison as well as the safety and security of all inmates housed there. He may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

7.

At all times relevant herein, Defendant George Ivey was the deputy warden

in charge of security at Hancock State Prison. He may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

8.

At all times relevant herein, Defendant Melontae Havior was the counselor assigned to Rashad at Hancock State Prison. Although she has since been terminated by the Department of Corrections, Plaintiffs believe that they will provide a defense for her and that she may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

9.

At all times relevant herein, Defendant Melontae Havior was the counselor assigned to Rashad at Hancock State Prison. Although she has since been terminated by the Department of Corrections, Plaintiffs believe that they will provide a defense for her and that she may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

10.

At all times relevant herein, Defendant Tameka Jones was an investigator

employed at the Department of Corrections headquarters in Forsyth, Georgia. She may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

11.

At all times relevant herein, Defendants Joshua Andrews and Timothy Ray were correctional officers at Hancock State Prison. Although they have since been terminated by the Department of Corrections, Plaintiffs believe that they will provide a defense for them and that they may be served by request for waiver of service by First Class Mail sent in care of the Georgia Department of Corrections, 300 Patrol Road, Forsyth, Georgia.

12.

Plaintiffs have a good faith belief that discovery will identify other Department of Corrections employees who were aware of the serious risk of harm facing Rashad, including but not limited to correctional officers and their supervisors, administrators and administrative employees, and those staff members responsible for diagnostic and security classifications, housing and cellblock assignments, segregation of individuals who were high-risk or incompatible, or otherwise monitoring and regulating the inmate population, including both Rashad

Bolton and the inmate who murdered him. Said Defendants will be more particularly identified by amendment.

13.

At all times relevant herein, the above captioned Defendants were acting under color of law and on behalf of the State of Georgia.

## FACTS

14.

From May 2020 to January 2021, Rashad Bolton was an inmate at Hancock State Prison in Sparta, Georgia who was repeatedly threatened, beaten, and harassed by prison gang members who were part of a scheme to extort money from Plaintiffs through online Cash App payments with the assistance of accomplices outside the prison.

15.

During that time, Plaintiffs made Cash App payments to several accounts after receiving text messages threatening violence against their son, and prior to that they had received similar threats and made similar payments when Rashad was previously assigned to Dooley State Prison.

16.

When Rashad was at Dooley, Plaintiffs made complaints to the warden, who

was responsive to their concerns and put Rashad in protective custody for approximately eight months before he was transferred to Hancock.

17.

Once Rashad was transferred to Hancock, the threats and extortion continued and Plaintiffs continued to complain about it, but the administration at Hancock was not receptive to Plaintiffs' complaints and refused to take action unless Rashad agreed to identify the inmates who were threatening him, which he was unwilling to do out of fear that they would retaliate against him.

18.

Rashad's mother, Plaintiff Lilvender Bolton – who, as the Lincoln County Elections Director, is herself a public official – repeatedly asked the Hancock warden, Defendant Toby, to place Rashad in protective custody, but she refused to give him what she called "special treatment" even though protective custody would have prevented gang members from carrying out their threats and would take away their ability to extort money from his parents.

19.

Mrs. Bolton also told Defendants Ivey, Williamson, Havior, and Jones about the extortion, the threats, and the abuse suffered by her son – which included not only beatings but also the theft of his food and significant weight loss during his

7

time at Hancock – but all of them repeatedly refused to put him back in protective custody.

20.

At one point Rashad was hit in the eye during a fight and he asked to be placed in protective custody, and he apparently believed he was in protective custody when he called his mother on December 31, 2020 and told her that he hoped he would stay in protective custody until his July 2021 release date.

21.

However, he was not in true protective custody because two days after that call, another inmate was put in his cell even though Rashad was supposed to be housed alone and his new cellmate was supposed to be housed in a separate Special Management Unit.  Rashad pleaded with the guards not to put that inmate, who was known to be violent, in the cell with him, but they did so anyway

22.

For the next two days, inmates in surrounding cells heard Rashad beating on the cell door pleading to be let out of the cell, but none of the guards – including, Defendants Andrews and Ray, responded to his cries for help.

23.

On January 4, 2021, Rashad's cellmate stabbed him with a "shank," a

homemade knife which the officers who placed him there either failed to search for or somehow allowed it to be brought into the cell for him, causing him to bleed to death. Either way, the murderer's access to the murder weapon was caused by the deliberate indifference of correctional officers, including but not limited to Defendants Andrews and Ray.

24.

Upon information and belief, Defendants Andrew and Ray had knowledge that Rashad was in danger and had an opportunity to intervene and prevent Rashad's death, but they failed to do so.

25.

All the above-named Defendants had actual knowledge that Rashad was exposed to a substantial risk of serious harm, but they all failed to take reasonable action in response to a known threat by acts or omissions greater than gross negligence, which amounted to deliberate indifference on their part.

26.

Under the Eighth Amendment and clearly established case law of the Supreme Court and Eleventh Circuit Court of Appeals, Defendants owed a constitutional duty to protect Rashad from a known risk of serious harm, and Defendants breached that duty because their aforementioned acts and omissions

constituted deliberate indifference to that risk.

27.

Because of the ongoing criminal prosecution of Rashad's murderer, and because there is an ongoing federal Department of Justice investigation into violent conditions at Georgia prison, Plaintiffs would not oppose a temporary stay of this litigation while the state and federal investigations are ongoing, as long as Plaintiffs are eventually given access to the findings of those investigations and are ultimately entitled to their day in court.

## EIGHTH AMENDMENT CLAIM UNDER 42 U.S.C. §1983

28.

The aforementioned misconduct of Defendants in knowingly failing to protect Rashad Bolton from a known risk of serious harm constitutes deliberate indifference to a substantial risk of harm in violation of the Eighth Amendment of the United States Constitution and other applicable law.

29.

As a direct and proximate result of the deliberate indifference of Defendants, Rashad Bolton died a premature death at the age of 29, for which Plaintiffs are entitled to recover for his wrongful death in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

30.

Plaintiffs intend to seek appointment of an administrator by the Probate Court to also assert a claim on behalf of Rashad's estate for his conscious pain and suffering as well as funeral, medical, and other necessary expenses. Once an administrator is appointed, Plaintiffs intend to amend the Complaint accordingly.

31.

Because the aforementioned misconduct of said Defendants arose to a level of deliberate indifference, Plaintiffs are also entitled to recover punitive damages in an amount to be determined by the enlightened conscience of fair and impartial jurors.

32.

Said Defendants are not entitled to qualified immunity because the law was clearly established long before their conduct in 2020 and 2021 that it is an Eighth Amendment violation for prison personnel to be deliberately indifferent to an inmate's risk of murder by another inmate.

33.

Plaintiffs are entitled to recover attorney's fees for this Count under 42 U.S.C. §1988.

**<u>A JURY TRIAL IS DEMANDED.</u>**

WHEREFORE Plaintiffs demand as follows:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiffs and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors;

d) That Plaintiffs be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 15th day of March, 2022.

*/s/ Craig T. Jones*

_____
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiffs

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30376
(678) 643-0062
craigthomasjones@outlook.com