# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **GEROME BOLTON**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Warden **ANNETTIA TOBY**, *et al.*,<br><br>*Defendants*. | **CIVIL ACTION NO.**<br>**5:22-cv-00110-TES** |

## ORDER GRANTING MOTION FOR SERVICE BY PUBLICATION

Before the Court is Plaintiffs' Motion for Service by Publication on Nine Defendants[1] [Doc. 42] pursuant to Federal Rule of Civil Procedure 4(e)(1) and O.C.G.A. § 9-11-4(f). As discussed below, the Court **GRANTS** Plaintiff's Motion [Doc. 42], and Plaintiffs may serve the outlined Defendants by publication as set forth below.

"Unless federal law provides otherwise," Federal Rule of Civil Procedure 4(e)(1) allows "an individual . . . [to] be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Georgia's Civil Practice Act provides that service of a lawsuit may be made by publication "in the paper in which

---

[1] Those nine Defendants include: Benny Tukes, Joanna Shaw, Shenita Johnson, Tkeyah Moss, Chandra Worthen, Officer M. Johnson, Officer T. Franklin, Officer Q. Wells, and Officer J. Cooper.

sheriff's advertisements are printed, four times within the ensuing 60 days, publications to be at least seven days apart." O.C.G.A. § 9-11-4(f)(1)(C).

"[T]he constitutional prerequisite for allowing such service . . . is a showing that reasonable diligence has been exercised in attempting to ascertain [Defendant de la Cruz whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983). "[I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." *In Interest of A.H*, 795 S.E.2d 188, 189 (Ga. Ct. App. 2016). The Georgia Court of Appeals holds that "[d]ue diligence is generally demonstrated by an affidavit." *Id.* (citing O.C.G.A. § 9-11-4 (f)(1)(A) (authorizing service by publication in "all manner of civil actions" if a party "cannot, after due diligence, be found within the state, . . . and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court")).

According to Plaintiffs, the nine Defendants not already served previously worked for the Georgia Department of Corrections. [Doc. 42, p. 2]. However, GDC now "claims to have no knowledge of their whereabouts and no ability to contact them and obtain authority for Defendants' counsel to accept service on their behalf despite having been granted an extension to a four month extension to do so[.]" [*Id.*]. Plaintiffs contend that "assuming Defendants' counsel – with the State's resources at their disposal – were truly unable to locate these nine Defendants, it is unlikely that Plaintiffs themselves will be any more successful based on the same documents used by Defendants' counsel that

2

Plaintiffs have requested via supplemental discovery responses." [*Id.* at p. 5].

Thus, considering Plaintiff's due diligence in attempting to find these Defendants in the State of Georgia, the Court is satisfied that Plaintiffs have used every "reasonably available channel of information" to serve these Defendants by "traditional means." *In Interest of A.H*, 795 S.E.2d at 189; *see also* Order, *U.S. Surety Co. v. Solidscapes, LLC*, No. 3:21-cv-00017-CDL (M.D. Ga. July 2, 2021), ECF. No. 7. Accordingly, the Court **GRANTS** leave to serve by publication.

Further, the Court **ORDERS** Plaintiffs to coordinate publication of the notice on these Defendants in the appropriate newspaper in which Plaintiffs wish to have the notice published. Plaintiffs shall determine the procedures for placing the notice in the newspaper. For the newspaper, Plaintiffs shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements of O.C.G.A. § 9-11-4(f)(1)(C);

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice;

3. Prepare and submit to the Clerk a proposed notice to be published. The proposed notice shall comply with the requirements of O.C.G.A. § 9-11-4(f)(1)(C); and

4. Provide to the Clerk the last known address of each of the nine

Defendants.

Within **10 days** of the date of this Order, Plaintiffs must provide the cover letter, check, proposed notice, and addresses to the Clerk. The Clerk shall submit these items to the listed publisher, shall cause publication of the notice, and shall note on the docket when this task is complete. Once publication is complete, Plaintiffs shall obtain and submit to the Court a publisher's affidavit demonstrating that the notice was published in accordance with O.C.G.A. § 9-11-4(f)(1)(C).

Upon receipt of the above-listed materials from Plaintiffs, the Clerk shall send, via first class mail, the following items to the above-referenced Defendants to their last known addresses:

1. A copy of notice to be published;

2. A copy of this Order; and

3. A copy of the Complaint.

After these items are mailed to Defendants, the Clerk shall make a note on the docket that this task is complete.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Service by Publication [Doc. 42] and **ORDERS** Plaintiffs to coordinate publication as detailed in this Order.

**SO ORDERED**, this 6th day of November, 2024.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**